Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

JOHN JOHNSON                        §
                                    §
versus                              §        CIVIL ACTION NO. _____
                                    §
THE WEBSTER US LLC                  §
1220 COLLINS                        §
MIAMI, FL  33139                    §

ORIGINAL COMPLAINT

SEE ATTACHED COMPLAINT

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

---

**JOHN JOHNSON,**

Plaintiff,

v.

**THE WEBSTER U.S., LLC,**

Defendant.

Civil Action No.: _____

JURY TRIAL DEMANDED

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW Plaintiff, JOHN JOHNSON ("Plaintiff"), by and through himself pro se, and files this action against THE WEBSTER U.S., LLC ("Defendant" or "The Webster") for violations of federal employment law, including unlawful discrimination, retaliation, wrongful termination, and the maintenance of a hostile work environment, all in violation of Title VII of the Civil Rights Act of 1964, as amended, and other applicable law. In support of this Complaint, Plaintiff respectfully states the following:

---

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under federal law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events and omissions giving rise to these claims occurred in Harris County, Texas, within the jurisdiction of this Court.

## II. PARTIES

3. Plaintiff John Johnson is an individual and former employee of Defendant, currently residing in Harris County, Texas.

4. Defendant The Webster U.S., LLC is a Delaware limited liability company doing business in the State of Texas. Its principal office is located at 1220 Collins Avenue, Miami Beach, Florida 33139. It may be served through its registered agent or corporate representative.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in or about August 2023.

6. The EEOC issued Plaintiff a Notice of Right to Sue dated April 30, 2025. This action is being timely filed within the statutory ninety (90) days of Plaintiff's receipt of said notice.

## IV. STATEMENT OF FACTS

7. Plaintiff is a veteran of the luxury fashion industry, with over fifteen years of managerial and retail leadership experience. His résumé includes working with prestigious brands and delivering high-level client experiences, store performance, and team growth.

8.   On or about November 27, 2022, Plaintiff was hired by Defendant as a manager at its Houston, Texas location. He was recruited for his extensive retail expertise, high value clienteling and was expected to elevate store performance, employee morale, and client loyalty.

9.   Plaintiff immediately assumed additional responsibilities, including merchandising oversight typically handled by senior district leaders. Despite this, his contributions were repeatedly minimized, dismissed, or appropriated by others.

10.   From the beginning of his employment, Plaintiff was subjected to a sustained and targeted campaign of professional and psychological abuse. This included exclusion from essential communications, unrealistic expectations, shifting goals, micromanagement, and public questioning of his decisions—tactics not applied to similarly situated employees.

11.   Plaintiff was routinely undermined, and his ability to lead was eroded by subtle but deliberate efforts to marginalize him within the workplace. He was isolated, scrutinized for routine decisions, and treated with hostility and condescension by those in power.

12.   As a Black, gay, married male in a luxury retail space dominated by female leadership, Plaintiff's visibility and excellence were not embraced, but penalized. His advocacy for fairness and transparency were ridiculed and labeled as "tattle-telling" despite clear evidence that his intent and actions were rooted in professionalism.

13.   Plaintiff raised internal concerns regarding these issues but was met with gaslighting, escalation of hostility, and retaliatory scrutiny. Fear of escalation to higher personnel and word getting back to management was the ultimate fear, determined to force the necessary change imposed by any means and at the risk of his health. His workplace environment became emotionally unbearable. He experienced constant anxiety, chest-tightening panic attacks, severe insomnia, and feelings of fear and humiliation that extended into his personal life.

14.   Over time, the workplace abuse escalated to such a degree that Plaintiff developed serious psychological symptoms: persistent anxiety, depressive episodes, social withdrawal, and suicidal ideation. Severe depression put a weight on his marriage that it was not ready for causing an abrupt ending. He sought professional mental health treatment and was diagnosed with clinical anxiety and depression linked directly to his employment experience at The Webster.

15. On July 27, 2023, Plaintiff was abruptly terminated without cause, justification, or due process. The termination followed shortly after his latest internal complaints and advocacy efforts—demonstrating clear retaliation.

16. Following his termination, Plaintiff—despite having impeccable credentials and over a decade of experience—was suddenly unable to secure interviews or responses from employers in his industry. The silence was deafening. Individuals who had once expressed admiration for his work became unavailable. The pattern is strongly suggestive of Defendant's efforts to poison Plaintiff's professional reputation, either by backchannel statements or industry blackballing.

17. Plaintiff has endured professional devastation, reputational loss, and emotional collapse. He now lives with daily anxiety, distrust of workplaces, persistent sadness, and a crushed sense of self-worth. His life is forever changed by the experience, and fear of reoccurrence of the same experience. What The Webster inflicted was not simply professional injustice—it was emotional destruction. Plaintiff files this suit to begin the long process of healing, recovery, and justice.

———

## V. CAUSES OF ACTION

### COUNT I: DISCRIMINATION IN VIOLATION OF TITLE VII

(42 U.S.C. § 2000e-2)

18. Defendant intentionally discriminated against Plaintiff based on his race, sex (including sexual orientation), and marital status, in violation of Title VII.

### COUNT II: RETALIATION IN VIOLATION OF TITLE VII

(42 U.S.C. § 2000e-3)

19. Defendant retaliated against Plaintiff for engaging in protected activity, including reporting discrimination and hostile treatment.

### COUNT III: HOSTILE WORK ENVIRONMENT

20. Plaintiff was subjected to an environment so psychologically damaging and discriminatory that it altered the terms and conditions of employment and created an abusive working environment in violation of federal law.

## COUNT IV: WRONGFUL TERMINATION

21. Plaintiff's termination was pretextual, discriminatory, and retaliatory, lacking due process or legitimate business rationale.

———

## VI. DAMAGES

22. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the following damages:

23. As a direct result of Defendant's unlawful actions, Plaintiff has suffered the following damages:

a. Back Pay and Lost Wages: Plaintiff was earning approximately $6,200 per month and has remained unemployed for all but two months since his termination. With 10 full months of unemployment, Plaintiff seeks approximately $62,000 in back pay and lost income.

b. Future Lost Earnings / Front Pay: Defendant's actions have hindered Plaintiff's employability and severely impacted his professional standing. Plaintiff seeks $100,000 - $150,000 in front pay as equitable compensation for diminished future earning potential.

c. Emotional Distress and Mental Anguish: Plaintiff has experienced extreme anxiety, therapy needs, sleeplessness, and suicidal ideation due to the discriminatory and retaliatory conduct. Plaintiff seeks $250,000 in non-economic damages for pain and suffering.

d. Reputational Harm: Plaintiff has been unable to secure employment despite an extensive background in luxury retail and management, suggesting blacklisting or professional sabotage by Defendant. Plaintiff seeks $100,000 for reputational damages.

e. Punitive Damages: Defendant's conduct was egregious, willful, and in flagrant violation of federal law. To deter such future conduct, Plaintiff seeks $500,000 in punitive damages.

f. Costs and Legal Fees: Plaintiff reserves the right to recover reasonable costs of litigation and any future attorney's fees under 42 U.S.C. § 2000e-5(k).

## Total Estimated Damages: $1,162,000

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award:

A. All compensatory and actual damages, including lost wages, emotional distress, and reputational harm;

B. Punitive damages to deter future unlawful conduct;

C. Pre- and post-judgment interest;

D. Costs of court and any applicable legal fees (if later represented);

E. Any other relief in law or equity to which Plaintiff may be entitled.

7

Respectfully submitted,

DATED: 7/29/2025

John Johnson

3423 Barkers Crossing Ave

Houston, TX 77084

(305) -440-8989_

Pro Se Plaintiff