United States District Court
Southern District of Texas
**ENTERED**
July 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| John Johnson, *Plaintiff*, | § | |
| v. | § | Civil Action H-25-3589 |
| The Webster U.S., LLC, *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 5. Pending before the court is Defendant The Webster U.S. LLC's (The Webster) partial Motion to Dismiss. ECF No. 21. The court recommends that The Webster's partial Motion to Dismiss, ECF No. 21, be **GRANTED**.

### *1. Background*

Plaintiff John Johnson started working for The Webster on November 27, 2022, as a Sales Supervisor. ECF No. 20 at 2–3. On July 29, 2023, The Webster terminated Johnson based on allegedly pretextual accusations that he stole from The Webster. *Id.* In his Second Amended Complaint (SAC), Johnson alleges claims under Title VII of the Civil Rights Act of 1964 for sex-based discrimination, hostile work environment, and retaliation. *Id.* at 3–5.

Johnson alleges that he "timely exhausted all administrative remedies" in his Equal Employment Opportunity Commission (EEOC) Charge of Discrimination. ECF No. 20 at 2. The Webster attaches Johnson's EEOC charge to its motion. ECF No. 21-1. When considering a motion to dismiss, the court must limit itself to: (1) the facts in the complaint; (2) documents attached to the

complaint; and (3) matters of which the court may take judicial notice. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Here, Johnson refers to his EEOC charge in his complaint, and his EEOC charge is central to his claims. ECF No. 20 at 2; *cf. Carter v. Target Corp.*, 541 F. App'x 413, 415 (5th Cir. 2013) (holding that consideration of the EEOC charge is appropriate at the 12(b)(6) stage where the plaintiff references the charge in their complaint). The parties agree that the EEOC charge attached to The Webster's motion is the only EEOC charge that Johnson submitted. *See* ECF No. 58. Thus, the court may properly consider the EEOC charge in its analysis.

Johnson's SAC alleges six incidents of "public humiliation" by the store manager between March and July of 2023. ECF No. 20 at 3–4. In the EEOC charge, however, Johnson's factual allegations, in the entirety, state:

> On 11/27/2022, I began employment with The Webster as a Sales Supervisor overseeing 6 Sales Associates ("stylists"). At the time of my hire, I was the 3rd male Sales Supervisor. The first guy was fired because he couldn't make sales. The second guy needed to take time off and was told, "don't worry about coming back." That left me as the only male employee with all female supervision and staff. The Store Manager was Brittney Sumpter. Ruchi Khan was the Assistant Manager, and Back of House manager was Gabby.
>
> I was initially instructed to cultivate relationships and build a book of clients. When I asked about instructions for consigning (i.e., sending clothes to clients), I was told not to worry about that, just build

> clients. Then management began taking my clients and giving them to the female stylists. One specific Stylist was permitted by management to yell at me and tell my clients to take clothes off because she brought the clothes in. . . .
>
> I spoke to Brittney Sumpter and Ruchi Khan about the unfair treatment I was receiving compared to the females. Less than one month later, on July 29, 2023, I was falsely accused of theft and my employment was terminated without investigation or even asking me anything about the false allegations. Fair and Equal Treatment of all Employees regarding Bullying, Harassment, and Investigating Theft with a policy that is so lenient and lines so blurred that what's viewed as theft on some employees can be viewed as going above and beyond to serve and cater to clients.
>
> I believe I was discriminated against based on my sex (male) and terminated in retaliation for reporting my concerns regarding the difference in treatment, all in violation of Title VII of the Civil Rights Act of 1964, as amended. After my termination, I was replaced by a female Sales Supervisor.

ECF No. 21-1 at 2–3.

The EEOC charge does not allege that management was hostile towards him or that his colleague yelled at him because of his protected characteristic. *Id.* Notably, counter to Johnson's SAC, there is no mention in the EEOC charge of "public humiliation" by the Store Manager on the basis of his sex. ECF No. 21-1. The only hostility mentioned in the EEOC charge is that a stylist yelled at him. There is no mention that the yelling had anything to do with Johnson's gender.

The Webster moves to dismiss Johnson's sex-based hostile work environment claim because it was not administratively exhausted and because Johnson failed to allege facts sufficient to state a claim. ECF No. 21. Johnson did not file a response to the Motion to Dismiss.

### *2. Legal Standard and Analysis*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see also Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("[T]he court may not look beyond the four corners of the plaintiff's pleadings.").

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

The court liberally construes pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). "Factual allegations must be enough to raise a right to relief

above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.* at 556.

Only statements of *fact* are to be taken as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Conclusory allegations are "disentitled . . . to the presumption of truth." *Id.* at 681. Thus, the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

Aggrieved employees filing suit under Title VII must first exhaust their administrative remedies. *Bunker v. Dow Chem. Co.*, 111 F.4th 683, 686 (5th Cir. 2024); *Davis v. Fort Bend Cnty.*, 893 F.3d 300 (5th Cir. 2018), *aff'd*, 587 U.S. 541 (2019). The purpose of exhaustion is to provide employers notice of the existence and general substance of the discrimination allegations. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003). Among other things, the charge must include a clear and concise statement of the facts constituting the alleged unlawful employment practices. *Weathers v. Houston Methodist Hosp.*, 116 F.4th 324, 329 (5th Cir. 2024).

To determine whether a plaintiff has exhausted a claim, courts liberally construe the scope of an EEOC charge. *Melgar v. T.B. Butler Publ'g. Co.*, 931 F.3d 375, 379 (5th Cir. 2019). Courts should consider "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* (citing *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006)). In determining whether an allegation in a complaint falls within the scope of an EEOC charge for exhaustion purposes,

courts must engage in a "fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco*, 448 F.3d at 789. Failure to properly exhaust a claim will result in dismissal. *See id.* at 792.

"Harassment generally takes the form of 'discriminatory intimidation, ridicule, and insult' that rises to the level of 'hostile or abusive.'" *Ayorinde v. Team Indus. Services Inc.*, 121 F.4th 500, 509 (5th Cir. 2024) (quoting *Clark v. City of Alexandria*, 116 F.4th 472, 479 (5th Cir. 2024)). "The harassing behavior must be sufficiently severe or pervasive such that it alters the conditions of the victim's employment and creates an abusive environment, and the environment must be objectively and subjectively hostile to the victim" based on his protected characteristic. *Id.* (internal quotations omitted).

Courts have distinguished between sexual harassment and sex or sexual orientation discrimination. *See Lopez v. AT&T Mobility Servs. LLC*, 767 F. Supp. 3d 406, (W.D. Tex. 2025), *reconsideration denied*, 2025 WL 4954308 (W.D. Tex. Apr. 7, 2025). "The former involves 'unwelcome sexual advances or other verbal or physical conduct of a sexual nature,' whereas the latter refers to 'discriminating against someone because of their protected characteristic.'" *Id.* (citing *Friel v. Mnuchin*, 474 F. Supp. 3d 673, 692 (E.D. Pa. 2020)).

Here, the only relevant factual allegation in Johnson's EEOC charge states that "[o]ne specific Stylist was permitted by management to yell at me and tell me and my clients to take clothes off because she brought the clothes in." ECF No. 21-1 at 2. Johnson states in the charge that he believes he was discriminated against and subject to a retaliatory termination. *Id.* at 3. Based on Johnson's charge, the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination

does not include harassment or an otherwise hostile work environment. Johnson's statement does not sufficiently describe an abusive atmosphere sufficient to provide notice of a hostile work environment claim. Johnson failed to exhaust his hostile work environment claim. Because the exhaustion issue is dispositive, the court does not review the claim for sufficiency of pleadings. The court recommends that The Webster's Motion to Dismiss Johnson's hostile work environment claim be **GRANTED** for lack of exhaustion.

***3. Conclusion***

The court recommends that The Webster's partial Motion to Dismiss, ECF No. 21, be **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on July 13, 2026.

Peter Bray
United States Magistrate Judge